1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

JOHN PINSON

                        Plaintiff,

      vs.

McCALLA, RAYMER, LEIBERT, PIERCE, LLC. and KEITH USTLER
.

                    Defendants,

Case No.:  9:19-cv-81186-RKA

**DEFENDANTS' MOTION TO DISMISS**

    Defendants McCalla, Raymer, Leibert, Pierce, LLC. ("McCalla") and Keith Ustler ("Ustler") hereby move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint and all claims therein. In support hereof, Defendants state as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES.**

**I.  INTRODUCTION**

    This is a case involving purported allegations of improper debt collection activities by Defendants. Plaintiff has filed a three-count Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). None of Plaintiff's claims have any merit; nor do they meet the plausibility standard under Rule 12(b)(6). Plaintiff fails to state a claim under the FDCPA because he has not

sufficiently pled that Defendant actually engaged in a prohibited act under the FDCPA. Further, the claims under the FDCPA are barred by the litigation privilege and brought without proper standing.

In sum, Plaintiff's speculative deductions and general conclusory allegations regarding Defendant's liability are insufficient to state any plausible claims under the FDCPA. Accordingly, as explained in more detail below, this action should be dismissed with prejudice in its entirety.

## II. FACTS

On or about October 11, 2018, Plaintiff, John Pinson ("Pinson" or "Plaintiff") filed a small-claims Florida Consumer Collections Practices Act ("FCCPA") case in Palm Beach County Florida against JPMorgan Chase Bank, N.A. ("Chase"), in case number 502018-SC015442XXXMB (the "state action"). McCalla was employed as the law firm to litigate and defend Chase in the state action, and attorney Keith Ustler was the assigned attorney from McCalla to the case. McCalla and Keith Ustler have no relationship with Plaintiff outside their employment as attorney for Chase in litigating the state action. The state action is based upon alleged debt collection communication sent by Chase to the Plaintiff which contained language of an embarrassing or offensive content. Defendants herein admit to have participated in communications with Plaintiff related to the state action, in both attempts to defend, and possibly settle, the state action. It is from these communications, the allegations in the instant case arise. It should be noted that there is no related foreclosure or debt collection actions for which Defendants are employed by Chase, but Defendants are merely defensive litigation counsel in the state action.

## III.        LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has explained

that to survive a motion to dismiss, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)) (internal quotations omitted). In other words, the factual allegations must be sufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A pleading that merely offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.*

A motion to dismiss for failure to state a claim must be granted where the factual allegations do not support the stated cause of action. *Bentley v. Bank of Am.*, 773 F. Supp. 2d 1367, 1370 (S.D. Fla. 2011) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)). Determining whether "a complaint states a plausible claim for relief... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Twombly*, 550 U.S. at 555. In an instance, where "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

Dismissal of a plaintiff's claims is appropriate where, as here, no construction of the factual allegations of the complaint will support any claims as a matter of law. In this case, the well-pleaded factual allegations are nonexistent. Plaintiff provides little more than the formulaic recitation of the applicable statutory language when pleading his claims. Such allegations are insufficient to maintain any cause of action as a matter of law. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004) (requiring plaintiffs to "allege some specific factual bases for those conclusions or face dismissal of their claims."). Consequently, this action must be dismissed.

## IV. ARGUMENTS

### There was No Debt Collection Activity

Pursuant to the FDCPA provisions upon which Plaintiff's action is brought (15 U.S.C. 1692e and 15 U.S.C. 1692g), those statutes only apply to activities related to debt collection. Specifically, 1692e(11), the basis for Count I of Plaintiff's Complaint, and 15 U.S.C. 1692e(10), the basis for Count II, are subject to the limitation that they only apply to activities "in connection with the collection of any debt" 15 U.S.C. 1692e. Further, 15 U.S.C. 1692g states specifically that Notice of the debt is only required after initial communication with a consumer "in connection with the collection of any debt".

Even if taken as true, the entirety of Plaintiff's Complaint, and the attachments thereto, contained zero discussion of debt collection. As mentioned above, Defendants are attorneys for a lender, Chase, but Chase is defending an alleged FCCPA violation with no related debt collection activity. Defendants are not foreclosure or debt collection agents for Chase as it relates to any contract or mortgage loan between Chase and Plaintiff at this time, and none of the information pled in Plaintiffs Complaint or attached thereto indicate there was ever any request by Defendants to seek any debt. In fact, the entirety of Defendants' communication attached to the Complaint appear to indicate that Defendants were attempting to finalize paying Plaintiff money for settlement of the state action, rather than collecting money related to debt.

Even if Defendants may act as foreclosure counsel or debt collectors in separate unrelated actions, they were not acting as a debt collector against Plaintiff, and no debt collection activity has occurred. Inclusion of a "mini-miranda" disclosure in the communications complained of does not, by itself, transform the actions of Defendants into debt collection activities, or Defendants into debt collectors. *Fenello v. Bank of America, NA*, 577 Fed.Appx. 899 (11th Cir. August 12, 2014). As in

*Fenello*, the non-debt collection activities of Defendant cannot be considered debt collection simply because the communications state that Defendants may be a debt collector. As such, Plaintiff's Complaint must be dismissed.

### Lack of Standing and Failure to State a Claim Under FDCPA

Congress enacted the FDCPA to eliminate abusive debt collection practices. (15 U.S.C. § 1692(e).) To achieve this end, the Act prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." (15 U.S.C. § 1692e.) Here, Plaintiff alleges that Defendants violated the FDCPA in Count I by utilizing a language in the communications which appear ambiguous as to whether Plaintiff is a debt collector, in Count II by providing a settlement agreement which may include deceptive language, and in Count III by allegedly failing to provide a validation notice pursuant to 15 U.S.C. 1692g(a). However, Plaintiff does not identify any harm caused by the alleged violations. For example, Plaintiff does not claim that they were required to pay any money to the Defendants nor do they even argue the amounts included in the "corporate advances" were not due.. In fact, the entire involvement of Defendants with Plaintiff was an attempt to pay Plaintiff moneys based upon settlement, rather than collect a debt. Plaintiff further fails to plead any damages, only alleges that "Plaintiff has been injured." However, as a matter of law, Plaintiff's unsupported assertions are insufficient. *Ashcroft v Igbal*, 566 U.S. 662, 129 S.Ct. 1937, 73 L.Ed. 868.

This case is directly analogous to the Supreme Court's recent decision in *Spokeo v. Robins*, 1194 L.Ed.2d 635 (U.S. 2016). There, the plaintiff brought an action under the Fair Credit Reporting Act ("FCRA") alleging the defendant, Spokeo, had included false information about the plaintiff in a consumer report. (*Spokeo*, 194 L.Ed.2d at 641-42.) The plaintiff alleged defendant violated the FCRA

by failing to "follow reasonable procedures to assure the maximum possible accuracy" of the consumer report. (*Id.*, at 641, citing 15 U.S.C. § 1681e(b).) Although the FCRA does not require a showing of actual damages for willful violations of the statute, the District Court nonetheless dismissed the plaintiff's complaint for failure to allege an injury in fact. (*Id.*, at 642; *see also* 15 U.S.C. § 1681n(a).) The Ninth Circuit reversed the District Court on the grounds the plaintiff had sufficiently alleged a violation of *his* statutory rights regarding *his* credit information. (*Spokeo, supra*, at 640.) On certiorari, the Supreme Court vacated the Ninth Circuit's decision on the grounds the circuit court focused exclusively on the particularity requirement, but overlooked whether the "bare, procedural violation" alleged was sufficiently concrete to establish an injury in fact. (*Spokeo*, 194 L.Ed.2d at 645-46.) Specifically, the Ninth Circuit failed to consider whether Spokeo's alleged failure to assure the "maximum possible accuracy" of the plaintiff's consumer report caused the plaintiff any harm or presented any material risk of harm. (*Id.*, at 646.) The Supreme Court specifically noted not all inaccuracies in a consumer's credit report cause harm or present any material risk of harm and remanded the case to the Ninth Circuit to reconsider the concreteness requirement. *(Id.)*

   As in *Spokeo*, Plaintiff alleges, at most, a procedural or technical violation of a federal statute without any showing the alleged violation caused Plaintiff harm or any material risk of harm. Plaintiff asserts that Defendant's filing of the proof of claim is a violation of the FDCPA, without any showing of how the alleged violation affected Plaintiff. Much like the FCRA, the FDCPA allows plaintiffs to recover statutory damages without proof of actual harm. *Compare* 15 U.S.C. § 1681n(a) with 15 U.S.C. § 1692k(a). However, as the *Spokeo* decision makes clear, a procedural violation of a federal statute, without more, does not establish a concrete injury in fact. (*Spokeo*, 194 L.Ed.2d 635, 645.)

Accordingly, Plaintiff does not have standing to assert the claims raised in his Complaint, Plaintiff fails to properly state a cause of action, and as such, these Counts must be dismissed.

### The Claims are Barred by the Litigation Privilege

Pursuant to the Supreme Court of Florida, "absolute immunity 'arises immediately upon the doing of any act required or permitted by law in the due course of the judicial proceedings.'" *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994); (quoting Ange v. State, 98 Fla. 538, 541, 123 So. 916, 917 (1929)). This immunity arises out of the Litigation privilege, which applies in all causes of action, whether for common-law torts or statutory violations. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007). Moreover, absolute immunity acts as complete protection from the lawsuit itself and is not merely a defense to the liability. Like absolute immunity, qualified immunity is a complete protection from the suit itself and not merely a defense to liability. *Junior v. Reed*, 693 So. 2d 586, 590 (Fla. Dist. Ct. App. 1997).The policy of absolute immunity is based on the fact that participants in litigation must "be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct".*Id.*

In the instant case, each of the claims arise solely out Defendants role as attorneys for Chase in the state FCCPA action, therefore Defendants should be afforded absolute immunity from this civil action. The Federal Courts have consistently held that the litigation privilege bars suit under the FDCPA, as this privilege is to be applied broadly, and because the Plaintiff would not be left without remedy as they could have the Defendants subjected to "discipline of the courts, the bar association, and the state." *McCorriston v. L.W.T., Inc.,* No. 8:07-CV-160-T-27EAJ, 2007 WL 9357672, at 2

(M.D. Fla. June 15, 2007). This privilege extends beyond the suits filed in the state courts and applies to claims raised in the Federal Courts. *Wright, v. Select Portfolio Servicing, INC.*, 2014 WL 8185388 (M.D.Fla.) (Citing to: *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1359 (M.D. Fla. 2007), aff'd, 288 F. App'x 571 (11th Cir. 2008). The application of the litigation privilege to FDCPA has been ratified in several recent cases and Eleventh Circuit appeals. *Deboskey v. Suntrust Mortg., Inc.*, 2017 U.S. Dist. LEXIS 160017, 2017 WL 4083557; citing to *Coursen v. JP Morgan Chase & Co.*, No. 8:12-cv-690-T-26EAJ, 2013 U.S. Dist. LEXIS 144295, 2013 WL 5437341 (M.D. Fla. June 27, 2013), aff'd sub nom., *Coursen v. Shapiro & Fishman, GP*, 588 F. App'x 882 (11th Cir. 2014) (holding: Federal and Florida law recognize absolute immunity from civil actions based upon acts occurring during a judicial proceeding, including civil suits under the FDCPA and FCCPA).

For the reasons stated above Plaintiff's Complaint must be dismissed with prejudice as to all Defendants.

## V.   CONCLUSION

For the foregoing reasons, Defendants McCalla, Raymer, Leibert, Pierce, LLC. and Keith Ustler respectfully submits that the Complaint should be dismissed with prejudice.

Respectfully submitted,

By:_____/S Curtis Wilson_____

Curtis Wilson, Esq.
Fla Bar No.: 77669
McCalla Raymer Leibert Pierce, LLC.
Attorney for Defendants
225 E. Robinson St. Suite 155
Orlando, FL 32801
Phone: (407) 674-1850
Fax: (321) 248-0420
Email: MRService@mccalla.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:_____/S Curtis Wilson_____

Curtis Wilson, Esq.
Fla Bar No.:77669
Attorney for Defendants
225 E. Robinson St. Suite 155
Orlando, FL 32801
Phone: (407) 674-1850
Fax: (321) 248-0420
Email: MRService@mccalla.com

## <u>SERVICE LIST</u>

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
John@pinson.com