UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 9:19-cv-81186-RKA

John Pinson,

    Plaintiff

vs

ROBINSON KEITH USTLER, et. al.



**PLAINTIFF *PRO SE'S* MOTION TO EXTEND TIME UNDER RULE 6(B)**

Plaintiff pro se, John Pinson, respectful requests the Court to extend the time to file his response to Defendant's Motion to Dismiss, as authorized by FRCP Rule 6(b), by four (4) days.

1. On August 22, 2019 Plaintiff filed his complaint [DE 1].
2. Defendant MCCALLA was served on November 18, 2019 and Defendant USTLER was served on November 19, 2019 [DE 7, 8].
3. As of this date, December 23, 2019, Plaintiff, John Pinson, has received no responsive pleading in the US Mail, or by any other means, from Defendants.
4. Today, Plaintiff discovered Defendants filed a response on the Pacer system, on December 12, 2019, but the Defendants failed to transmit a copy to the pro se Plaintiff per the Rules of this Court [DE 10,11].
5. Pacer states that Plaintiff pro se was required to file a response to Defendant's Motion to Dismiss within 14 days.
6. Plaintiff filed this motion to extend time four (4) days after the deadline promptly after he became aware of the need for additional time.
7. A court may grant a motion to extend time filed after the deadline if the motion shows proof of good cause and if the failure to act timely was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); In *re Cendant Corp. Prides Litig.*, 233 F.3d 188, 195-96 (3d Cir. 2000). In determining whether there is excusable neglect, a court should consider the following: (1) the

prejudice to the nonmovant, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001); see *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993).

8. The Court should grant Plaintiff's request for an extension of time to file his second amended complaint until January 13, 2020, for the following reasons:
   a. Defendants' are not prejudiced by the extension of time. Defendants have the full time under the rules to respond to Plaintiff's Response to Motion.
   b. The delay in filing his response has not been unreasonable. Plaintiff pro se filed this motion promptly on realizing the need for additional time. The delay of four days should not inconvenience to the Court.
   c. Any potential impact of the delay on the judicial proceedings is not significant. At this stage, the Court should not have to rearrange its busy schedule. Plaintiff acts in good faith to minimize any inconvenience.
   d. The reason for the delay was beyond Plaintiff's control.
      - The pro se Plaintiff does not participate in CM/ECF and does not receive electronic notices from this Court.
      - Defendant's council knew Plaintiff is pro se and does not receive CM/ECF noticing.
      - Defendant's Certificate of Service on the Motion to Dismiss does not state that a copy was mailed to the Plaintiff only by "in some other authorized manner".
      - Defendants failed to properly serve their Motion to Dismiss on Plaintiff as required by the Rules of this Court.
      - For a pro se to check Pacer on a daily basis is costly and burdensome as each docket report request bears a monetary cost.

   e. The Plaintiff has acted in good faith. Having received nothing from Defendants, the Plaintiff accessed Pacer at an reasonable time to ascertain if Defendants defaulted.. Realizing a deadline passed Plaintiff promptly submitted this motion along with his notice to this Court.

9. Plaintiff's four day delay in filing was the result of excusable neglect and circumstances beyond his control. No party will be prejudiced by grant of this motion and the impact on the Court should be minimal. Plaintiff acts promptly in good faith.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), Plaintiff *pro se* hereby certifies that he attempted to confer with opposing counsel by telephone on December 23, 2019 but could not reach them. Based on the urgency in submitting this motion Plaintiff could not determine if Defendants opposed.

**WHEREFORE**, based on the above, Plaintiff respectfully requests this Honorable Court to issue an Order granting this motion to extend the time to file the Response to Defendant's Motion to Dismiss through and including January 13, 2020; and any other relief as deemed equitable and just.

Dated: December 23, 2019

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed December 23, 2019

John Pinson

**Service List**

*Counsel for Defendants:*
Curtis Alan Wilson
McCalla Raymer LLC
225 E. Robinson St., Suite 115
Orlando, FL 32801
Email: curtiswilson.esq@gmail.com